IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAURENCE TARELL DOTSON, | : |
| Plaintiff, | : |
| v. | : Case No. 5:25-cv-115-TES-AGH |
| Sheriff DAVID DAVIS, *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Taurence Tarell Dotson, a detainee at Bibb County Law Enforcement Center in Macon, Georgia, filed a 42 U.S.C. § 1983 complaint (ECF No. 1) and a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Court subsequently ordered Plaintiff to submit a certified copy of his trust fund account statement (ECF No. 4). Plaintiff filed a second motion to proceed IFP that includes a certified account statement (ECF Nos. 7, 8)[1] and a motion to appoint counsel (ECF No. 6). For the following reasons, Plaintiff's is granted leave to proceed IFP, he is ordered to pay an initial partial filing fee, and his motion to appoint counsel is denied.

## MOTION TO APPOINT COUNSEL

In his motion to appoint counsel, Plaintiff asserts only that he lacks "the legal knowledge and terms to represent [himself]." Mot. to Appoint Counsel, ECF No. 6.

---

[1] Plaintiff did not file his account statement within the allotted time, so the Court ordered him to show cause why this case should not be dismissed for failure to comply with the Court's April 17, 2025 Order (ECF No. 5). In addition to filing his account statement, Plaintiff also filed a response to the show cause order, asserting that jail officials have held his legal mail causing his responses to be delayed (ECF No. 9). The Court finds Plaintiff has shown good cause for his failure to timely respond.

A district court "may request an attorney to represent any person unable to afford counsel."[2] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Applying these factors, the Court concludes that appointed counsel is not justified at this time. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not complex. Additionally, at this early

---

[2] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (citations omitted) (stating that a district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

stage in the litigation, it is unclear whether the case will proceed to trial. Consequently, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 6) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION TO PROCEED IFP

It appears from his motion that Plaintiff is unable to pay the cost of commencing this action. Therefore, his application to proceed *in forma pauperis* (ECF Nos. 2, 7) is **GRANTED**.

However, a prisoner allowed to proceed *in forma pauperis* must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's trust account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's account certification shows his average monthly

balance for the last six months is $74.30. Trust Account Statement ECF No. 8. Twenty percent of $74.30 is $14.86. Plaintiff is thus **ORDERED** to pay an initial partial filing fee of $14.86.[3]

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. The **CLERK** is **DIRECTED** to forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.  Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the

---

[3] If Plaintiff's circumstances have materially changed such that he is unable to pay the initial partial filing fee, he may file a new motion to proceed IFP explaining why the change in circumstances prevents him from paying the fee. Any new motion to proceed IFP must be supported by an updated certified account statement.

4

account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Thus, Plaintiff's motion to proceed IFP (ECF Nos. 2, 7) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $14.86. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## CONCLUSION

As set forth above, Plaintiff's motion to appoint counsel (ECF No. 6) is **DENIED**. Plaintiff's motion to proceed IFP (ECF Nos. 2 & 7) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $14.86. Plaintiff's failure to pay the initial partial filing fee and to fully and timely comply with this Order may result in the dismissal of this action. Plaintiff shall keep the Court informed of any future address change and his failure to do so may result in the dismissal of this action. There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 27th day of June, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE